```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
VISTRA TRUST COMPANY (JERSEY) LIMITED AS
TRUSTEE OF THE ALSAM; COLLEEN AND LOGANY
SETTLEMENTS; COLLEEN INVESTMENT AG; ALSAM
HOLDING AG; PENNY ASSET AG; LOGANY EQUITY
AG; VIERWALDSTATTER BETEILIGUNGEN AG;
CLARICK AG; COLLEEN INVESTMENT, L.L.C.;
LOGANY L.L.C.; and WILLIAM TACON, Receiver
and Manager of the assets of Maytown
Universal SA and Plympton Universal SA,

                    Plaintiffs,                MEMORANDUM AND ORDER

          - against -                          09 Civ. 1785 (NRB)

DR. MARCO STOFFEL; ALBE ASSOCIATES
LIMITED; BLUECOLT SECURITIES CORPORATION;
LAURAMCA HOLDINGS, L.L.C.; and JOHN DOES
1-10,

                    Defendants.
------------------------------------X
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/26/09

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

For the second time, defendant Marco Stoffel ("Stoffel") has removed this case from the Commercial Division of the New York Supreme Court for New York County ("State Court") to this Court. Plaintiffs' counsel argues that the case should be remanded for essentially the same reasons that remand was granted by the Memorandum and Order of December 29, 2008 ("Order"). We agree.

Briefly stated, our Order determined (1) that the rule of unanimity for removal required that Albe Associates Limited ("Albe") and Bluecolt Securities Corporation ("Bluecolt") consent to removal and (2) that remand was appropriate because Albe and Bluecolt had not consented to removal. The basis for that decision remains

unchanged. Albe and Bluecolt are still parties to this dispute because no default judgment has been entered against them. See Defendant's Notice of Removal ("Stoffel's Notice") at ¶ 7; Plaintiff's Letter of February 23, 2009 at 1. Thus, their consent for removal is required. Order at 9. Because the consent of Albe and Bluecolt has still not been secured, remand is required. See Stoffel's Notice at ¶ 9 ("Stoffel maintains that he is not [a 'managing agent' of Albe and Bluecolt].").

Moreover, even if the consent of Albe and Bluecolt is secured at a future date or obviated by subsequent events, there remain serious questions about whether 9 U.S.C. § 205 would be applicable, given that a foreign tribunal has expressed significant doubts about the authenticity of the arbitration agreements Stoffel relied on. See Order at 9 n.24. Lastly, Stoffel's attempt at removal appears to suffer from additional procedural defects.

This action is hereby remanded to the Commercial Division of the New York Supreme Court for New York County.

**SO ORDERED.**

Dated:   New York, New York
         February 26, 2009

*[signature]*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date to the following:

**For Plaintiff:**
Scott S. Balber, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112

**Pro Se Defendant:**
Marco Stoffel (via email at stoffelusa@aol.com)